

| | |
|---|---|
| **MARK WESBROOKS**<br>THE WESBROOKS LAW FIRM, P.L.L.C.<br>15396 N. 83rd Ave., Ste. C100<br>Peoria, Arizona 85381<br>(602) 262-0390 Fax: (602) 297-6580<br>Mark.Wesbrooks@azbar.org<br>State Bar No. 018690<br>Attorney for Debtor(s) | **IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**<br>The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.<br>**Dated: October 04, 2010**<br><br>_____<br>RANDOLPH J. HAINES<br>U.S. Bankruptcy Judge<br>_____ |

### IN THE UNITED STATES BANKRUPTCY COURT FOR

### THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In Re:<br><br>**LONNIE A. SENTELL and<br>LEANNA M. SENTELL,**<br><br>Debtors<br>_____<br><br>**LONNIE A. SENTELL and<br>LEANNA M. SENTELL,**<br><br>Movant,<br><br>v.<br><br>**HSBC MORTGAGE SERVICES,**<br><br>Respondent.<br>_____ | CHAPTER 13<br><br>CASE NO. 2:09-bk-04655 RJH<br><br><br><br><br><br>**ORDER CONFIRMING MORTGAGE LENDER'S CLAIM AS UNSECURED AND ORDER REQUIRING RELEASE OF DEED OF TRUST AS AGAINST HOMESTEAD PROPERTY UPON ORDER OF DISCHARGE** |

On this day, came for consideration, the Motion for Order Confirming Mortgage Lender's Claim as Unsecured; Motion for Order Requiring Release of Deed of Trust as Against Homestead Property Upon Discharge filed by the Debtors against HSBC Mortgage Services. ("Respondent"). The Court, having considered such Motion, and the lack of opposition to such Motion, makes the following findings and Orders:

ORDER CONFIRMING JUNIOR LIEN AS UNSECURED - Page 1

1. On August 31, 2010, legal counsel for the Debtors caused to be filed and served upon the Respondent, Debtors' Motion for Order Confirming Mortgage's Lender's Claim As Unsecured, Motion for Order Requiring Release of Deed of Trust As Against Homestead Property Upon Order of Discharge, Motion for Valuation Hearing and Notice of Motion for Order Requiring Release of Deed of Trust As Against Homestead Property Upon Order of Discharge, Motion for Valuation Hearing, such documents advising the Respondent of the grounds of the Motion, and time and opportunity afforded for objection, and;

2. After the expiration of time permitted for filing of any objection to Debtors' Motion, no objection was timely filed by the Respondent.

3. Debtors commenced this case on March 3, 2009, by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code.

4. The Debtors are the owner of real property legally known as 1004 W. CAMPO BELLO DR. Phoenix, AZ 85023. (*See,* Debtor's Schedule A.)

5. The above-described property has at all times been the personal residence of the debtors herein. (*See,* Debtor's Schedule C.)

6. At the time of bankruptcy filing, the Debtors held ownership in a residential homestead.

(*See,* Debtor's Schedule A.)

7. Wells Fargo Bank, N.A. ("Primary Lienholder"), holds a first lien against the real property in the amount of $135,899.92, as evidenced proof of claim [Claim No. 3].

8. There also exists one other lien against the property. The lien in the second position of priority is held by Respondent in the amount of $63,705.65, as evidenced by Proof of Claim [Claim No. 5] filed by Respondent.

9. The value of the homestead on the date of filing was $92,000.00 as evidenced by appraisal, a

copy of which is attached to the Debtor's Motion.

10. Based on the above, the junior lien by Respondent, Respondent is wholly unsecured.

11. The value of the subject property on case filing was for an amount less than Primary Lienholder's claim, such that Respondent's junior lien is wholly unsecured at the time of bankruptcy filing, such that the Respondent's claim is subject to discharge in the present case.

12. In the present case, the Debtors' home, as of the date of filing, had a value in an amount less than the total sum of the Primary Lienholder's claim, such that Respondent's Junior claim is a wholly unsecured and subject to discharge upon order of discharge. *In Re Zimmer*, 313 F.3d 1220 (9th Cir. 2002).

13. Respondent is Ordered to file a Release of Lien in the County Recorder's Office, upon entry of discharge in the present action.

14. To the extent that Respondent has filed a proof of claim asserting secured status, such claim is hereby determined to be an unsecured non-priority claim. To the extent that the Respondent has not filed a proof of claim, neither the Motion by the Debtors nor this Order shall constitute the filing of a proof of claim by any creditor.

15. To the extent that the Respondent has filed any objection to the Plan, which is solely based upon alleged secured status and payment of arrearage upon the secured claim which is the subject of the Motion, such objection should be deemed resolved by the Trustee by this Order.

IT IS THEREFORE ORDERED that the claim of the Respondent is wholly unsecured, and the lien should be deemed unsecured as to the subject real property and avoided under 11 U.S.C.

§506(d), provided that the Debtors perform under the confirmed plan and makes all required payments. In the event the plan fails, the Debtors do not consummate the confirmed plan, and the case is dismissed, the Respondent's lien shall be reinstated pursuant to 11 U.S.C. §349 (b)(1)(C).

*AS DATED AND SIGNED ABOVE*

_____
UNITED STATES BANKRUPTCY JUDGE